IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KIRK LONEY,

            Plaintiff,

v.                                                       Civil Action No. 3:14-cv-00483-JAG

MATHEW BIDDLE,

            Defendant.

## **MEMORANDUM OPINION**

This matter comes before the Court on the Motion for Leave to Proceed *In Forma Pauperis* filed by the *pro se* plaintiff, Kirk Loney. (Dk. No. 3.) Upon due consideration, the Court finds Loney unable to pay the costs of proceeding in the instant case. Accordingly, the Court hereby GRANTS Loney's motion to proceed *in forma pauperis* and DIRECTS the clerk to docket the complaint.

Loney's complaint, however, fails to state a claim upon which relief can be granted, and must be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While courts should liberally construe *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The court need not attempt "to discern the unexpressed intent of the plaintiff." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Fourth Circuit has stated: "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident

in the work of those trained in the law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett*, 775 F.2d at 1276. In other words, "[d]istrict judges are not mind readers." *Id.* at 1278. Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) provides that this Court "shall dismiss" an action filed *in forma pauperis* "at any time if the court determines" that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Upon review of Loney's complaint, the Court must dismiss this action for failure to state a claim. Loney brings several claims against the defendant, Mathew Biddle, an employee of Virginia Commonwealth University Health System, in his individual capacity. Loney's claims consist of:

> fraudulent concealment of an action; deprivation of a right to receive a continuity in medical treatment, denial of the right to receive medical records which is medical malpractice caused by Mathew Biddle acting in concert with others in the violating of Plaintiff's Civil Rights under 42 USC § 1983 and Constitutional Rights under the Fourteenth Amendment's Right to receive 'due process' and 'equal protection' of the law. And, also, amounts to violation of Plaintiff Eighth Amendment's rights to the be free of 'cruel and unusual punishment' under the U.S. Constitution.

(Dk. No. 3-1 at ¶ 19.)

The allegations included in Loney's complaint essentially describe an administrative headache he has experienced trying to request medical records from the defendant. The main facts alleged by Loney consist of the following:

> Mathew Biddle is an employee of VCUHS-HIM (Health Information Management). He is legally responsible for the overall operation of HIM, at all times relevant to this action thereto and must be held accountable for acts done by him that violated Plaintiff's civil and constitutional Rights under the 14th Amendment of the U.S. Constitution. . . . Plaintiff stayed in the hospital from December 8, 2006 until December 11, 2006. Five days later Plaintiff returned to MCV, in the custody of the Richmond City Deputy Sheriff, because of back spasms, neck pains, severe headachs [sic] and loss of feeling in my body. (Dec. 16, 2006 MCV-Hospital visit). I've tried to retrieve my medical records for

2

several years during my incarceration and was refused on all occasions by MCV. The only medical records provided by MCV was the Dec. 16, 2006 records; but not the Dec. 8–Dec. 11 2006 yr. records when I was an actual in patient.

(Dk. No. 3-1 at ¶¶ 5, 8–11.)

The plaintiff then goes on to describe several alleged conversations he had with various other individuals who work with the defendant. (*See* Dk. No. 3-1 at ¶¶ 12–16.) These conversations ultimately ended with the defendant telling Loney, "I'm not giving you those records." (Dk. No. 3-1 at ¶ 17) (quotation omitted).

The Court has original jurisdiction over Loney's constitutional claims. *See* 18 U.S.C. § 1331. None of Loney's factual allegations, however, relate to any of his constitutional claims. Loney has failed to allege any facts that would support the conclusory statement that Biddle has violated Loney's due process, equal protection, or Eighth Amendment right to be free from cruel and unusual punishment. (Dk. No. 3-1 at ¶ 19.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Loney has completely failed to do this. Accordingly, even affording Loney's constitutional allegations the utmost liberal construction, this Court must DISMISS these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The remaining claims—"fraudulent concealment," "deprivation of a right to receive a continuity in medical treatment," and "denial of the right to receive medical records which is medical malpractice"—all represent state-law causes of action, if they represent valid causes of action at all. The Court would have original jurisdiction to hear these state-law claims, if complete diversity of citizenship existed between the parties and the amount in controversy

exceeded $75,000. 28 U.S.C. § 1332. Loney's complaint, however, does not allege any facts supporting diversity jurisdiction beyond the statement that "the matter in controversy exceeds the sum of 75,000 exclusive of interest and cost, and arises under the Constitution and laws of the United States." (Dk. No. 3-1 at ¶ 2A.) Loney has not alleged the citizenship of Biddle, but given that Biddle works at the Virginia Commonwealth University Health System located in Richmond, Virginia, he is likely a citizen of Virginia. Because Loney is also a citizen of Virginia, complete diversity of citizenship does not exist. Accordingly, the Court does not have original subject matter jurisdiction over Loney's state-law claims.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if the Court "has dismissed all claims over which it has original jurisdiction." Since this Court has dismissed all of Loney's constitutional claims, it declines to exercise supplemental jurisdiction over Loney's state-law claims. Additionally, the Court DENIES as MOOT Loney's "Motion for the Court's Assistance in Service of Process: Summons; Pursuant to Fed. Rule Civ. P. 4(c)(3)." (Dk. No. 3-4.)

The Federal Rules of Civil Procedure allow a court to sanction parties who file frivolous lawsuits or motions "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). The Court is aware that Loney currently has one case pending in this Court. *See* 3:11cv845-REP. Additionally, less than a month before Loney filed the instant case, this Court dismissed a case from Loney because it was too vague, conclusory, and frivolous. *See* 3:14cv383-HEH. Moreover, this Court is aware of at least three other cases Loney has filed in this Court since 2008. *See* 3:13cv836-REP, 3:11cv337-REP, 3:08cv820-REP. The Court hereby puts Loney on notice that filing

frivolous lawsuits that lack any factual or legal basis, such as this one, will likely result in sanctions.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion via U.S. mail to the *pro se* plaintiff.

Date: August 5, 2014
Richmond, VA

/s/ *(signature)*
John A. Gibney, Jr.
United States District Judge

5