IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KIRK LONEY,

                  Plaintiff,

v.                                         Civil Action No. 3:14-cv-00483-JAG

MATHEW BIDDLE,

                  Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's motion to reinstate his case to the active docket. For the reasons below, the Court denies plaintiff's motion to reinstate.

The plaintiff's original complaint[1] included claims of:

> fraudulent concealment of an action; deprivation of a right to receive a continuity in medical treatment, denial of the right to receive medical records which is medical malpractice caused by Mathew Biddle acting in concert with others in the violating of Plaintiff's Civil Rights under 42 USC § 1983 and Constitutional Rights under the Fourteenth Amendment's Right to receive 'due process' and 'equal protection' of the law. And, also, amounts to violation of Plaintiff Eighth Amendment's rights to be free of 'cruel and unusual punishment' under the U.S. Constitution.

(Dk. No. 3-1 at ¶ 19.)

The Court dismissed the plaintiff's claims for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6). (Dk. No. 5.) The Court will treat the current motion as a motion under Federal Rule of Civil Procedure 60.[2]

---

[1] The Court notes that Loney appears *pro se* and is mindful that courts must liberally construe the pleadings of *pro se* parties. *See Gordon v. Leeke,* 574 F.2d 1147, 1151–52 (4th Cir.) *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir. 1965).

[2] The plaintiff states he is filing his motion to reinstate pursuant to Federal Rule of Civil Procedure 7. His reliance is misplaced.

Rule 60(b) provides:

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The plaintiff seeks the Court to reinstate his action "in order to correct deficiencies in his complaint by amending his complaint as 'justice so requires.'" (Dk. No. 7.) The Court holds that the plaintiff fails to raise any issue or fact that would merit review under Rule 60. *See Dowell v. State Farm Fire and Cas. Auto Ins.*, 993 F.2d 46. 48 (4th Cir. 1993) (noting a party seeking relief under Rule 60(b) must show exceptional circumstances). The plaintiff's desire to file an amended complaint is not an exceptional circumstance, nor does it fall into one Rule 60's enumerated reasons to reinstate a claim.

Moreover, the plaintiff seeks the "option to appeal." It appears the plaintiff has failed to exercise his appeal rights in this matter and now seeks a do over. The Court dismissed the complaint on August 5, 2014, and the plaintiff had thirty days to appeal the decision. (Dk. No. 4 and 5.) He did not do so. He then apparently filed this motion to reinstate, on September 8, 2014, in an effort to place a hold on the appeals process. (Dk. No. 7.) The clock for his appeal has already run and a motion for reinstatement is not a substitute for an appeal. *See Dowell*, 993 F.2d at 48.

Notice of appeal in a civil suit must be filed within thirty days of the entry of the judgment. Fed. R. App. P. 4(a)(1). The thirty-day time period is deferred if the party makes a

"timely motion" under specified rules. *See* Fed. R. App. P. 4(a)(4). Rule 4(a)(4) provides that if a party timely files for relief under Rule 60, the "time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." The Rule 60 motion must be filed within twenty eight days after the judgment is entered. Fed. R. Appl. P. 4(a)(4)(a)(vi). The thirty-day period may also be extended by the district court up to an additional thirty days if the party properly requests an extension of time from the district court "upon a showing of excusable neglect or good cause[.]" Fed. R. App. P. 4(a)(5). *See Alston v. MCI Commc'ns Corp.*, 84 F.3d 705, 706 (4th Cir. 1996).

The current motion, even if it could be viewed as a motion for extension of time to file an appeal, has been filed after all permissible time periods. The plaintiff filed the current motion in excess of thirty days after the entry of judgment, thus he filed outside the 28 days prescribed for the Rule 60 motion requirements. Consequently, the motion does not restart the clock for Mr. Loney. Ultimately, the plaintiff's motion is not a motion to extend the time to file an appeal, but simply a request for the "option to appeal or amend." The Court accordingly denies the motion.

The Court reminds the plaintiff that the Federal Rules of Civil Procedure allow a court to sanction parties who file frivolous lawsuits or motions "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). The Court is aware that Loney currently has one case pending in this Court. *See* 3:11cv845-REP. Additionally, less than a month before Loney filed the instant case, this Court dismissed a case from Loney because it was too vague, conclusory, and frivolous. *See* 3:14cv383-HEH. Moreover, this Court is aware of at least three other cases Loney has filed in this Court since 2008. *See* 3:13cv836-REP, 3:11cv337-REP, 3:08cv820-REP. The Court again

puts Loney on notice that filing frivolous lawsuits that lack any factual or legal basis, such as this one, will likely result in sanctions.

The Court will enter an appropriate order.

Let the Clerk send this Memorandum Opinion to the *pro se* plaintiff via U.S. mail.

Date: September 24, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

4